IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

EQUITABLE PRODUCTION COMPANY,
A Pennsylvania corporation,

                Plaintiffs,

v.                                                           Civil Action No. 2:09-0289

RONNIE ANDERSON, a West Virginia resident, and
KAREN ANDERSON, his wife, a West Virginia resident; and
ADAM GEORGE ATKISSON, a West Virginia resident, and
WANDA LEE ATKISSON, his wife, a West Virginia resident; and
CHARLES WESLEY CASSELL, JR., a West Virginia resident; and
CHARLES L. CASTO, a West Virginia resident, and
JUDY I. CASTO, his wife, a West Virginia resident; and
LARRY CASTO, a West Virginia resident, and
JEANIE CASTO, his wife, a West Virginia resident; and
HARRY DEWAYNE COX, a West Virginia resident;
MICHAEL ENGLAND, a West Virginia resident; and
JOHN T. FLEMING, a West Virginia resident; and
SANDRA FLEMING, a West Virginia resident, his wife;
DENNIS HAGY, a West Virginia resident, and
TAMERA HAGY, his wife, a West Virginia resident;
KEVIN STALNAKER, a West Virginia resident, and
KARI STALNAKER, his wife, a West Virginia resident; and
DOLORES WILLARD, a West Virginia resident.

                Defendants.

**COMPLAINT FOR
PRELIMINARY AND PERMANENT
INJUNCTIVE RELIEF**

For their Complaint against the above-named Defendants, Equitable Production Company, state as follows:

## PARTIES

1. Plaintiff, Equitable Production Company (hereinafter referred to as "Equitable") is a Pennsylvania company authorized to and conducting business in West Virginia with its principal place of business located in Pennsylvania.

2. Ronnie Anderson and Karen Anderson, his wife, are West Virginia residents who own a certain tract of property with tax identification number 04-0045-0028-0000-0000 consisting of approximately 12.49 acres situate in Jackson County, West Virginia.

3. Adam George Atkisson and Wanda Lee Atkisson, his wife, are West Virginia residents who own a certain tract of property with tax identification number 07-0047-0032-0000-0000 consisting of approximately 117.75 acres situate in Jackson County, West Virginia.

4. Charles Wesley Cassell, Jr., is a West Virginia Resident who owns several tracts of property with tax identification numbers 04-0050-0019-0004-0000 consisting of approximately 41.64 acres situate in Jackson County, West Virginia and 04-0050-0019-0012-0000 consisting of approximately 0.19 acres situate in Jackson County, West Virginia.

5. Charles L. Casto and Judy I. Casto, his wife, are West Virginia residents who own certain tracts of property with tax identification numbers 04-0034-0050-0000-0000 consisting of approximately 13 acres; 07-0037-0006-0000-0000 consisting of approximately 106.25 acres; 07-0038-0010-0000-0000 consisting of approximately 86 acres; and 07-0038-0018-0001-0000-0000 consisting of approximately 20.32 acres, all situate in Jackson County, West Virginia.

6. Larry Casto and Jeanie Casto, his wife, are Ohio residents who own a certain tract of property with tax identification number 03-0007-0014-0000-0000, consisting of approximately 72 acres situate in Roane County, West Virginia.

7. Harry Dewayne Cox is a West Virginia resident who certain tracts of property with tax identification numbers 03-0003-0028-0000-0000, consisting of approximately 19 acres; 03-0003-0030-0000-0000 consisting of approximately 22 acres; and 03-0007-0008-0003-0000 consisting of approximately 0.25 acres, all situate in Roane County, West Virginia.

8. Michael England is a West Virginia resident who owns a certain tract of property with tax identification number 04-0050-0014-0000-0000 consisting of approximately 22.5 acres situate in Jackson County, West Virginia.

9. John T. Fleming and Sandra Fleming, his wife, are West Virginia residents who own a certain tract of property with tax identification number 07-0037-0016-0000-0000 consisting of approximately 65 acres situate in the Jackson County, West Virginia.

10. Dennis Hagy and Tamera Hagy, his wife, are West Virginia residents who own a certain tract of property with tax identification number 07-0047-0035-0000-0000 consisting of approximately 80.5 acres situate in Jackson County, West Virginia.

11. Eugene Opal Rhodes and/or Kevin Stalnaker and Kari Stalnaker, his wife, are West Virginia residents who own a certain tract of property with tax identification number 07-0034-0026-0000-0000 consisting of approximately 74 acres in Jackson County, West Virginia.

12. Dolores Willard is a West Virginia resident who owns certain tracts of property with tax identification numbers 04-0054-0031-0000-0000 consisting of

approximately 31 acres; 04-0057-0005-0000-0000 consisting of approximately 38.5 acres; 04-0057-0006-0000-0000 consisting of approximately 42 acres; 04-0047-0009-0000-0000 consisting of approximately 17.93 acres; and 04-0057-0010-0000-0000 consisting of approximately 34.50 acres, all situate in Jackson County, West Virginia.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Venue is proper in this Court because a substantial part, if not all, of the events or omissions giving rise to the claims herein occurred in this District, or a substantial part, if not all, of the property that is the subject of this action is situated in this District.

## FACTUAL BACKGROUND

15. Equitable explores for and produces natural gas in West Virginia.

16. Equitable has acquired the rights to explore and produce natural oil and natural gas pursuant to a Lease from Elizabeth Ward Perkins and others to United Carbon Company dated January 20, 1936 covering part of a tract of land of approximately 30,000 acres in Jackson, Kanawha and Roane Counties, West Virginia (hereinafter "the Perkins Lease"). The Perkins Lease covers the oil and gas estate applicable to most of the surface owned by the Defendants hereto.

17. Equitable currently operates certain oil and gas wells on various tracts of land covered by the Perkins Lease.

18. In addition to the Perkins Lease, Cabot Oil & Gas Corporation (hereinafter "Cabot") has also acquired certain rights to explore and produce oil and natural gas pursuant to a lease agreement. Cabot's leasehold overlaps and/or is in close proximity to the leasehold covered by the Perkins Lease. Cabot's leasehold covers only a small portion of the land owned by some of the Defendants hereto.

19. As part of its continued exploration of the oil and gas minerals on the property covered by the Perkins Lease, Equitable has planned to conduct a seismic survey (hereinafter sometimes referred to as "the Bear Fork Seismic Survey") in an effort to identify prospective drilling operations beginning in March 2009.

20. Equitable has entered into a Geophysical Access Agreement with Cabot so that Equitable may perform seismic survey testing on the overlapping and/or close in proximity leasehold.

21. The seismic survey consists of permitting, hazard and access mapping, surveying, drilling, mobilization, recording and demobilization. The seismic survey will require the drilling of small bore holes approximately 30' deep and the placement of various wires across the surface. This drilling and wire placement is not expected to interfere with the defendants' use of their respective surface tracts.

22. The Bear Fork Seismic Survey is estimated to cost approximately $9,000,000.00 and is expected to take several months.

23. Despite the fact that it was not required to do so, Equitable attempted to contact each landowner covered by the area upon which the Bear Fork Seismic Survey is

to take place in order to provide notice and obtain an acknowledgment related to the planned seismic survey.

24. The collective defendants herein have objected to the planned seismic survey and have either refused to allow Equitable on their surface or have indicated that they will take efforts to block the survey, including, in some instances, the use of a gun to deter entry upon the surface.

### Request for Preliminary and Permanent Injunctive Relief

25. The Defendants' denial of the right to access their surface tracts for the purpose of conducting seismic operations is in contravention of Equitable's rights pursuant to the Perkins lease.

26. If Equitable is prohibited by the landowners from entering upon the surface in order to obtain its seismic survey, it will suffer severe and irreparable harm in that the quality of its seismic survey will be greatly diminished and it will incur additional expenses in excess of $100,000.00.

27. A permanent injunction is proper because the Defendants are wrongfully interfering with Equitable's contractual and common law rights to access the surface to explore for oil and gas.

28. A preliminary injunction is warranted for the following reasons:

   a. there is a significant likelihood of severe and irreparable harm to Equitable if the preliminary injunction is denied in that Equitable will be blocked from exercising its property rights and its agents or contractors will likely be subject to physical or other violence.

      b.    The likelihood of harm to Defendants if the injunction is granted is minimal in that the seismic survey does not unreasonably interfere with Defendants use of their property and the Defendants take their surface tracts subject to the express reservations in the applicable severance deed, including the right to explore for and produce natural gas.

      c.    There is a strong likelihood that Plaintiffs will succeed on the merits of this action because Equitable, as lessee of the oil and gas rights under the Perkins Lease, or as permittee of Cabot, is afforded the right to explore for oil and gas as part of the development of its interests.

      d.    It is in the public interest that a preliminary injunction be granted so that Equitable is able to exercise its property rights without fear of physical violence or other actions by Defendants and that oil and gas be development and extracted pursuant to the Perkins Lease.

28.    Equitable is entitled to a preliminary and permanent injunction enjoining Defendants from interfering with its property rights.

29.    Equitable is entitled to a preliminary and permanent injunction enjoining Defendants from interfering with its entry upon the properties of the collective defendants in order to conduct seismic testing as part of its exploration for oil and gas.

30.    Equitable is entitled to a preliminary and permanent injunction enjoining Defendants from interfering with its efforts to explore and extract oil and gas as granted in the Perkins Lease.

Wherefore, Plaintiffs respectfully request that this Honorable Court:

(a) grant a preliminary injunction prohibiting each and every defendant from engaging in an activity which interferes with Equitable's planned seismic survey until such time as this Honorable Court may have an appropriate opportunity to conduct a fair hearing on all matters set forth herein, with adequate notice being provided to Defendants;

(b) grant a permanent injunction enjoining each and every defendant and/or their agents from taking any action in the future which interferes with Equitable's exploration for and extraction of oil and gas as permitted by the Perkins Lease.

(c) grant Plaintiffs a trial as to all issues so triable; and

(d) grant any such other and further relief as this Honorable Court may deem just under the circumstances.

EQUITABLE PRODUCTION COMPANY,

By Counsel

*/s/ David K. Hendrickson*     *3/23/2009*
David K. Hendrickson, Esq. (W.Va. Bar No. 1678)
Stephen E. Hastings, Esq. (W.Va. Bar No. 9065)
Eckert Seamans Cherin & Mellott, PLLC
214 Capitol Street
P.O. Box 11070
Charleston, WV 25339
(304) 346-5500
(304) 346-5515 (fax)
dhendrickson@eckertseamans.com
shastings@eckertseamans.com