IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

EQT PRODUCTION COMPANY,
A Pennsylvania corporation,

Plaintiffs,

v.                                                                    Civil Action No. 2:09-0289

RONNIE ANDERSON, a West Virginia resident, and
KAREN ANDERSON, his wife, a West Virginia resident; and
RODGER ARBOGAST, a West Virginia resident, and
DEARMOND ARBOGAST, his wife, a West Virginia resident;
ADAM GEORGE ATKISSON, a West Virginia resident, and
WANDA LEE ATKISSON, his wife, a West Virginia resident; and
BILLY BARNETT, a West Virginia resident, and
BETTY BARNETT, his wife, a West Virginia resident;
CHARLES, BOGGESS, a West Virginia resident, and
JANET BOGGESS, his wife, a West Virginia resident; and
CHARLES WESLEY CASSELL, JR., a West Virginia resident; and
LARRY CASTO, an Ohio resident, and
JEANIE CASTO, his wife, an Ohio resident; and
HARRY DEWAYNE COX, a West Virginia resident;
ANDREW CRIHFIELD, a West Virginia resident, and
JOHN CRIHFIELD, a West Virginia resident, and
DELPHIA CRIHFIELD, his wife, a West Virginia resident;
RONDEL CRIHFIELD, a West Virginia resident, and
ALTA CRIHFIELD, his wife, a West Virginia resident;
TIMOTHY CRIHFIELD, a West Virginia resident, and
RACHEL CRIHFIELD, his wife, a West Virginia resident;
DENNIS DIFILIPPO, a West Virginia resident, and
DEBRA DEFILIPPO, his wife, a West Virginia resident;
MICHAEL ENGLAND, a West Virginia resident; and
JOHN T. FLEMING, a West Virginia resident; and
SANDRA FLEMING, a West Virginia resident, his wife;
DENNIS FRESHOUR, a West Virginia resident, and
MEIKE FRESHOUR, his wife, a West Virginia resident;
DENNIS HAGY, a West Virginia resident, and
TAMERA HAGY, his wife, a West Virginia resident;
KEMP LANDIS, a West Virginia resident, and
EURADA LANDIS, his wife, a West Virginia resident;
RAYMOND RAY, a West Virginia resident, and
DOLORES WILLARD, a West Virginia resident.

Defendants.

## AMENDED COMPLAINT FOR
## PRELIMINARY AND PERMANENT
## INJUNCTIVE RELIEF

For their Complaint against the above-named Defendants, EQT Production

Company, state as follows:

### PARTIES

1.      Plaintiff, EQT Production Company (hereinafter referred to as "EQT") is a

Pennsylvania company authorized to and conducting business in West Virginia with its

principal place of business located in Pennsylvania.

2.      Ronnie Anderson and Karen Anderson, his wife, are West Virginia

residents who own a certain tract of property with tax identification number 04-0045-

0028-0000-0000, consisting of approximately 12.49 acres, situate in Jackson County,

West Virginia.

3.      Rodger Arbogast and Dearmond Arbogast  are West Virginia residents

who own a certain tract of property with tax identification number 07-0043-0011-0000-

0000 situate in Jackson County, West Virginia.

4.      Adam George Atkisson and Wanda Lee Atkisson, his wife, are West

Virginia residents who own a certain tract of property with tax identification number 07-

0047-0032-0000-0000, consisting of approximately 117.75 acres, situate in Jackson

County, West Virginia.

5.      Billy Barnett and Betty Barnett are West Virginia residents who owns

several tracts of property with tax identification numbers 04-0057-0033-0000-0000,

consisting of approximately 17.75 acres, and, 07-0042-0024-0000-0000, consisting of

approximately 34.75 acres, all situate in Jackson County, West Virginia.

6.     Charles Boggess and Janet Boggess are West Virginia residents who own a certain tract of property with tax identification number 04-0050-0054-0000-0000, consisting of approximately 70.725 acres, and, 04-0050-0058-0000-0000, all situate in Jackson County, West Virginia.

7.     Charles Wesley Cassell, Jr., is a West Virginia Resident who owns several tracts of property with tax identification numbers 04-0050-0019-0004-0000, consisting of approximately 41.64 acres, and, 04-0050-0019-0012-0000 consisting of approximately 0.19 acres, all situate in Jackson County, West Virginia.

8.     Larry Casto and Jeanie Casto, his wife, are Ohio residents who own a certain tract of property with tax identification number 03-0007-0014-0000-0000, consisting of approximately 72 acres, situate in Roane County, West Virginia.

9.     Harry Dewayne Cox is a West Virginia resident who certain tracts of property with tax identification numbers 03-0003-0028-0000-0000, consisting of approximately 19 acres; 03-0003-0030-0000-0000 consisting of approximately 22 acres; and 03-0007-0008-0003-0000 consisting of approximately 0.25 acres, all situate in Roane County, West Virginia.

10.     Andrew Crihfield is a West Virginia resident who owns a certain tract of property with tax identification number 03-0011-0005-0001-0000, consisting of approximately 13.23 acres, situate in Roane County, West Virginia.

11.     John Crihfield and Delphia Crihfield are West Virginia resident who own several tracts of property with tax identification numbers 03-0007-0011-0000-0000 and 03-0007-0012-0000-0000, consisting of approximately 89 acres; 03-0011-0004-0000-0000, consisting of approximately 55 acres; 03-0011-0005-0000-0000, consisting of

approximately 81.19 acres; 03-0011-0009-0000-0000, consisting of approximately 126 acres; 03-0011-0010-0000-0000, consisting of approximately 50 acres; 03-0011-0011-0000-0000, consisting of approximately 108.8 acres; 03-0011-0021-0000-0000 consisting of approximately 18 acres; and, 03-0011-0034-0000-0000 consisting of approximately 3 acres, all situate in Roane Counties, West Virginia.

12.     Rondel Crihfield and Alta Crihfield  are West Virginia resident who own several tracts of property with tax identification numbers 07-0035-0034-0000-0000, consisting of approximately 39.75 acres; 07-0035-0041-0000-0000, consisting of approximately 1.0 acres; 07-0035-0043-0000-0000, consisting of approximately 93.25 acres; 07-0035-0044-0000-0000, consisting of approximately 58.75 acres; 07-0035-0045-0000-0000, consisting of approximately 13.84 acres; 03-0010-0009-0000-0000, consisting of approximately 19 acres; and, 03-0010-0011-0000-0000, consisting of approximately 3 acres, all situate in Jackson and/or Roane Counties, West Virginia.

13.     Timothy Crihfield and Rachel Crihfield are West Virginia residents who owns a certain tract of property with tax identification number 03-0011-0005-0002-0000, consisting of approximately 8.58 acres, situate in Roane County, West Virginia.

14.     Dennis DeFilippo and Debra DeFilippo are West Virginia are West Virginia residents who own several tracts of property with tax identification numbers 03-0010-0014-0000-0000, consisting of approximately 67 acres; 03-0011-0027-0000-0000, consisting of approximately 38 acres; 03-0011-0028-0000-0000, consisting of approximately 84 acres; 03-0015-0002-0000-0000, consisting of approximately 3.73 acres; and, 03-0015-0002-0001-0000, consisting of approximately 3.27 acres, all situate in Roane County, West Virginia.

15.     Michael England is a West Virginia resident who owns a certain tract of property with tax identification number 04-0050-0014-0000-0000, consisting of approximately 22.5 acres, situate in Jackson County, West Virginia.

16.     John T. Fleming and Sandra Fleming, his wife, are West Virginia residents who own a certain tract of property with tax identification number 07-0037-0016-0000-0000, consisting of approximately 65 acres, situate in the Jackson County, West Virginia.

17.     Dennis Freshour and Meike Freshour are West Virginia residents who own several tracts of property with tax identification numbers 04-0050-0018-0000-0000 consisting of approximately  25.5 acres, and, 07-0031-0039-0000-0000 consisting of approximately 37.12 acres, all situate in Jackson County, West Virginia.

18.     Dennis Hagy and Tamera Hagy, his wife, are West Virginia residents who own a certain tract of property with tax identification number 07-0047-0035-0000-0000 consisting of approximately 80.5 acres situate in Jackson County, West Virginia.

19.     Kemp Landis and Eurada Landis are West Virginia residents who own several tracts of property with tax identification numbers 04-0036-0002-0000-0000, consisting of approximately 42 acres; 07-0037-0018-0000-0000, consisting of approximately 35 acres; 07-0037-0024-0000-0000, consisting of approximately 51 acres; 07-0039-0016-0002-0000, consisting of approximately 1 acre; 07-0039-0017-0000-0000, consisting of approximately 34.5 acres; 07-0039-0019-0001-0000, consisting of approximately 2.1 acres; 07-0039-0020-0000-0000  87 acres; 07-0039-0021-0000-0000 4.1 acres; 07-0039-0030-0000-0000, consisting of approximately 16.37 acres; 07-0039-0031-0000-0000, consisting of approximately 48.16 acres; 07-0040-0005-0000-0000, consisting of approximately 33.78 acres; 07-0040-0019-0000-0000, consisting of

approximately 136.82 acres; 07-0040-0040-0000-0000, consisting of approximately 2.5 acres; 07-0040-0041-0000-0000, consisting of approximately 42 acres, all situate in Jackson County, West Virginia.

20.     Raymond Ray is a West Virginia resident who owns several tracts of property with tax identification numbers 07-0047-0000-0000, consisting of approximately 54 acres, and, 07-0047-0034-0000-0000, consisting of approximately 17 acres, all situate in Jackson County, West Virginia.

21.     Dolores Willard is a West Virginia resident who owns certain tracts of property with tax identification numbers 04-0054-0031-0000-0000, consisting of approximately 31 acres; 04-0057-0005-0000-0000, consisting of approximately 38.5 acres; 04-0057-0006-0000-0000, consisting of approximately 42 acres; 04-0047-0009-0000-0000, consisting of approximately 17.93 acres; and, 04-0057-0010-0000-0000 consisting of approximately 34.50 acres, all situate in Jackson County, West Virginia.

## JURISDICTION AND VENUE

22.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

23.     Venue is proper in this Court because a substantial part, if not all, of the events or omissions giving rise to the claims herein occurred in this District, or a substantial part, if not all, of the property that is the subject of this action is situated in this District.

## FACTUAL BACKGROUND

24.     EQT explores for and produces natural gas in West Virginia.

25.     EQT has acquired the rights to explore and produce natural oil and natural gas pursuant to a Lease from Elizabeth Ward Perkins-Bruen and others to United Carbon Company dated January 20, 1936 covering part of a tract of land of approximately 30,000 acres in Jackson, Kanawha and Roane Counties, West Virginia (hereinafter "the Perkins-Bruen Lease").  The Perkins-Bruen Lease covers the oil and gas estate applicable to most of the surface owned by the Defendants hereto.  However, some of the tracts are only partially subject to the Perkins-Bruen Lease.

26.     EQT currently operates certain oil and gas wells on various tracts of land covered by the Perkins-Bruen Lease.

27.     In addition to the Perkins-Bruen Lease, Cabot Oil & Gas Corporation (hereinafter "Cabot") has also acquired certain rights to explore and produce oil and natural gas pursuant to a lease agreement.  Cabot's leasehold overlaps and/or is in close proximity to the leasehold covered by the Perkins-Bruen Lease.  Cabot's leasehold covers only a small portion of the land owned by some of the Defendants hereto.

28.     As part of its continued exploration of the oil and gas minerals on the property covered by the Perkins-Bruen Lease, EQT planned to conduct a seismic survey (hereinafter sometimes referred to as "the Bear Fork Seismic Survey") in an effort to identify prospective drilling operations which began in March 2009.

29.     EQT has entered into a Geophysical Access Agreement with Cabot so that EQT may perform seismic survey testing on the overlapping and/or close in proximity leasehold.

30.     The seismic survey consists of permitting, hazard and access mapping, surveying, drilling, mobilization, recording and demobilization.  The seismic survey will

require the drilling of small bore holes approximately 30' deep and the placement of various wires across the surface.  This drilling and wire placement is not expected to interfere with the defendants' use of their respective surface tracts.

31.     The Bear Fork Seismic Survey is estimated to cost approximately $9,000,000.00 and is expected to take several months.

32.     Despite the fact that it was not required to do so, EQT attempted to contact each landowner covered by the area upon which the Bear Fork Seismic Survey is to take place in order to provide notice and obtain an acknowledgment related to the planned seismic survey.

33.     The collective defendants herein have objected to the planned seismic survey and have either refused to allow EQT on their surface or have indicated that they will take efforts to block the survey, including, in some instances, the use of a gun to deter entry upon the surface.

## COUNT I - Request for Preliminary and Permanent Injunctive Relief

34.     The Defendants' denial of the right to access their surface tracts for the purpose of conducting seismic operations is in contravention of EQT's rights pursuant to the Perkins-Bruen lease.

35.     If EQT is prohibited by the landowners from entering upon the surface in order to obtain its seismic survey, it will suffer severe and irreparable harm in that the quality of its seismic survey will be greatly diminished and it will incur additional expenses in excess of  $100,000.00.

36.     A permanent injunction is proper because the Defendants are wrongfully interfering with EQT's contractual  and common law rights to access the surface to explore for oil and gas.

37.     A preliminary injunction is warranted for the following reasons:

a.      there is a significant likelihood of  severe and irreparable harm to EQT if the preliminary injunction is denied in that EQT will be blocked from exercising its property rights and its agents or contractors will likely be subject to physical or other violence.

b.      The likelihood of harm to Defendants if the injunction is granted is minimal in that the seismic survey does not unreasonably interfere with Defendants use of their property and the Defendants take their surface tracts subject to the express reservations in the applicable severance deed, including the right to explore for and produce natural gas.

c.      There is a strong likelihood that Plaintiffs will succeed on the merits of this action because EQT, as lessee of the oil and gas rights under the Perkins-Bruen Lease, or as permittee of Cabot, is afforded the right to explore for oil and gas as part of the development of its interests.

d.      It is in the public interest that a preliminary injunction be granted so that EQT is able to exercise its property rights without fear of physical violence or other actions by Defendants and that oil and gas be development and extracted pursuant to the Perkins-Bruen Lease.

38.     EQT is entitled to a preliminary and permanent injunction enjoining Defendants from interfering with its property rights.

39.    EQT is entitled to a preliminary and permanent injunction enjoining Defendants from interfering with its entry upon the properties of the collective defendants in order to conduct seismic testing as part of its exploration for oil and gas.

40.    EQT is entitled to a preliminary and permanent injunction enjoining Defendants from interfering with its efforts to explore and extract oil and gas as granted in the Perkins-Bruen Lease.

## COUNT II – Declaratory Judgment

41.    EQT acquired the rights to explore and extract the oil and gas under the properties of the collective defendants by virtue of the Perkins-Bruen Lease.

42.    EQT is entitled to a declaratory judgment as to its property rights.

43.    EQT is entitled to a declaratory judgment that it is may enter upon the properties of the collective defendants in order to conduct seismic testing as part of its exploration for oil and gas.

44.    EQT is entitled to a declaratory judgment that it may enter upon the properties of the collective defendants in order to explore and extract oil and gas as granted in the Perkins-Bruen Lease.

Wherefore, Plaintiffs respectfully request that this Honorable Court:

(a)    grant a preliminary injunction prohibiting each and every defendant from engaging in an activity which interferes with EQT's planned seismic survey until such time as this Honorable Court may have an appropriate opportunity to conduct a fair hearing on all matters set forth herein, with adequate notice being provided to Defendants;

(b)     grant a permanent injunction enjoining each and every defendant and/or their agents from taking any action in the future which interferes with EQT's exploration for and extraction of oil and gas as permitted by the Perkins-Bruen Lease;

(c)     grant declaratory judgment against each and every defendant as requested in Count II;

(d)     grant Plaintiffs a trial as to all issues so triable; and

(e)     grant any such other and further relief as this Honorable Court may deem just under the circumstances.

**EQT PRODUCTION COMPANY,**

**By Counsel**

**_/s/ David K. Hendrickson     4/20/2009_**
**David K. Hendrickson, Esq. (W.Va. Bar No. 1678)**
**Stephen E. Hastings, Esq. (W.Va. Bar No. 9065)**
**Eckert Seamans Cherin & Mellott, PLLC**
**214 Capitol Street**
**P.O. Box 11070**
**Charleston, WV 25339**
**(304) 346-5500**
**(304) 346-5515 (fax)**
**dhendrickson@eckertseamans.com**
**shastings@eckertseamans.com**